**SO ORDERED.**

**SIGNED this 12 day of August, 2009.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **AMERLINK, LTD.,** | **CASE NO. 09-01055-8-RDD** |
| **Debtor** | |

**ORDER DETERMINING TIMELINESS OF DEBTOR'S
MOTION TO ASSUME NONRESIDENTIAL REAL ESTATE LEASE**

Pending before the Court is the Motion for Authority to Assume Nonresidential Real Estate Lease with Carroll County, VA (the "Motion to Assume") filed by AmerLink, Ltd. (the "Debtor") and the Opposition to Motion for Authority to Assume Non-Residential Real Estate Lease with Carroll County, VA (the "Objection") filed by Carroll County, Virginia ("Carroll County"). The Court conducted a hearing on the Motion to Assume and the Objection on July 22, 2009 in Wilson, North Carolina. Based on the arguments of counsel presented at the hearing and after review of the Motion to Assume, the Objection, and the parties respective briefs, for the reasons set forth in this Order, the Court finds that the Motion to Assume was timely filed.

## JURISDICTION AND PROCEDURE

This matter is a core proceeding pursuant to 28 U.S.C. § 157 and this Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

## PROCEDURAL HISTORY

1. On February 11, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and on that same day, an Order for Relief was entered.

2. On June 10, 2009, 119 days after the entry of an Order for Relief, the Debtor filed the Motion to Assume requesting that the Court allow it to assume its non-residential lease with Carroll County.

3. On June 24, 2009, Carroll County filed its Objection asserting that the Motion to Assume was not timely filed and, as a result of the Debtor's failure to obtain an order either extending the time to assume or reject the leases or an order allowing for the assumption of the non-residential lease within the 120 day period set forth in 11 U.S.C. § 365(d)(4)(A), the lease was rejected by operation of law on June 11, 2009, the 120th day after the entry of the Order for relief.

4. The Court conducted a telephonic hearing on July 20, 2009 to address the scope of the hearing scheduled for July 22, 2009. During this telephonic hearing, the parties agreed to limit the issue before the Court for hearing on July 22, 2009 as to whether the Motion to Assume was timely filed or if the Motion to Assume was moot based on the Debtor's failure

to obtain an order assuming the non-residential lease prior to the 120th day after the entry of the Order for relief.

## DISCUSSION

At issue before the Court is whether Section 365 of the Bankruptcy Code requires that a debtor-in-possession obtain an order within 120 days of the entry of the order for relief either (1) extending the time for the debtor to file a motion to assume or reject a non-residential lease or (2) allowing the assumption of the non-residential lease at issue.

The Debtor asserts that by filing the Motion to Assume the non-residential lease with Carroll County within 120-days of the entry of an order for relief meets the requirements of section 365 of the Bankruptcy Code. Carroll County objects to the Debtor's interpretation of 11 U.S.C. § 365(d) and argues that the Debtor's motion is insufficient to protect the Debtor's interest in the non-residential lease since an order assuming the lease or extending the time for the Debtor to file a motion to assume was not entered within 120 days of the order for relief. Carroll County concludes that since an order was not entered prior to the expiration of that period, said lease, regardless of whether or not it was not terminated prior to the filing of the bankruptcy case, terminated on June 11, 2009 by operation of law. The parties agree that the Debtor did not obtain an order in connection with the subject lease within the 120-day period.

Section 365(d)(4)(A) of the Bankruptcy Code provides:

> Subject to subparagraph (B), in any case under any chapter of this title, an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of --
>
> (i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

Furthermore, 11 U.S.C. § 365(d)(4)(B)(i) permits a court to "extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days upon the motion of the trustee or lessor for cause."

In support of its position that the lease terminated upon the expiration of the 120-day period, Carroll County relies on the analysis in *In re Tubular Technologies, LLC* which held that an order extending the time to assume a nonresidential lease must be entered within the 120 days after the order for relief. 362 B.R. 243 (Bankr. S.C. 2006). Carroll County asserts that if an order extending the time to assume a nonresidential lease must be entered within the 120-day period, it is logical to infer that if a nonresidential real estate lease has not been assumed by order of a court before that time, the lease is deemed rejected. However, the Court directs Carroll County to the specific language chosen by Congress with respect to the extension of time. Section 365(d)(4)(B)(i) of the Bankruptcy Code clearly states that the period to assume a nonresidential real estate lease under subsection (A) may be extended, "**prior to the expiration** of the 120-day period." *Emphasis added.* Debtor's motion here is to assume the lease, not to extend the time.

Subsection(A) to Section 365(d)(4) of the Bankruptcy Code does not include such specific language and the Court is not inclined to expand the clear language, and limitations, of the Bankruptcy Code. Had Congress intended that assumption of the lease required the entry of an order within 120 days of the date of the entry of the order for relief, Congress could have simply included language in section 365(d)(4)(A) requiring that the lease be assumed by order prior to the expiration of the 120 days period as it did in section 365(d)(4)(B)(i). However, no such language exists in the statute.

4

In other areas of the Bankruptcy Code, Congress has definitively set time limits for the accomplishment of certain matters. In 11 U.S.C. § 1121(e)(3)(C), Congress explicitly requires that an order extending the time in which a small business debtor can file a plan be signed before the existing deadline expires. Similarly, section 362(c)(3)(B) requires that notice and hearing on a motion to continue the automatic stay for a repeat filer be completed before the expiration of the 30-day period after the filing of the latter case. If Congress had intended that a debtor obtain an order approving the assumption of a nonresidential real estate lease within the 120-day period, rather than the mere filing a motion to assume the lease within that time, such language could have been included in 11 U.S.C. § 365(d)(4)(A). It was not.

The Debtor asserts that the holding by the 9th Circuit in *In re Victoria Station, Inc.* represents the standard this Court should adopt. 840 F.2d 682 (9th Cir. 1988). In *Victoria Station,* the Court held that when a debtor timely files a motion to assume a nonresidential real estate lease, but fails to obtain a court order allowing assumption within the statutory time period, the lease is not deemed rejected by operation of 11 U.S.C. § 365(d)(4). *Id.* The Court went on to say that a "proper interpretation of section 365(d)(4) supports the conclusion that there is no express limit to the time within which the bankruptcy court must hear and decide the motion to assume where the trustee, or debtor as in this case timely files." *Id.* at 684. This court finds the holding in *Victoria Station* persuasive.

In a recent decision, the Bankruptcy Court of the Northern District of California considered whether the BAPCPA changes to section 364(d)(4) of the Bankruptcy Code overruled the 9th Circuit's holding in the *Victoria Station* case. *In re R. Ring Enterprises, Inc.,* 2009 WL 779800 (Bankr. N.D. Cal. 2009).

In the *R. Ring Enterprises* case, the Bankruptcy Court found that the "applicable statutory language of BAPCPA regarding an extension of time is quite different than the statutory language regarding assumption.  In the latter case, unlike a request for an extension of time, Section 365(d)(4) makes no mention of a court order, and is for the most part unchanged by BAPCPA." *In re R. Ring Enterprises,* 2009 WL 779800 *2.  Prior to the BAPCPA changes, section 365(d)(4) provided that "if the trustee does not assume or reject within 60 days after the date of the order for relief...then such lease is deemed rejected...." *Id.*  The new language of section 365(d)(4), post-BAPCPA, provides "an unexpired lease shall be deemed rejected...if the trustee does not assume or reject the unexpired lease by the earlier of (i) the date that is 120 days after the date of the order for relief: or (ii) the date of the entry of an order confirming the plan."  Therefore, BAPCPA only changed the rules regarding the extension of time. *Id.*  It did not change 11 U.S.C. § 365(d)(4) to require a court order within 120 days of the order for relief if a debtor timely files a motion requesting the court to approve the assumption of a nonresidential real estate lease. *Id.*

Carroll County admits that there does not appear to be any Fourth Circuit precedent interpreting the changes made to section 364(d)(4) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") in connection with whether or not a motion to assume filed within the 120-day deadline is sufficient to protect a debtor's right to assume a nonresidential real estate lease, subject to court approval.

The Federal Rules of Bankruptcy Procedure support the decisions of the 9th Circuit in *Victoria Station* and the Bankruptcy Court of the Northern District of California in *R. Ring Enterprises*. Bankruptcy Rule 6006(a) states that a proceeding to assume an unexpired lease is governed by Bankruptcy Rule 9014, which governs contested matters.  Bankruptcy Rule 9014

6

allows for extensive discovery under subsection(c) as would be allowed in adversary proceedings. By allowing the adjudication of a motion to assume lease by contested matter, with extensive discovery rights, Congress could not have anticipated that pleadings, discovery, pretrial motions, trial, and an order could have all be accomplished within 120 days from the entry of the order for relief.

The underlying policy of requiring a debtor in possession to assume a nonresidential real estate lease within a fixed time period forces a debtor to decide quickly and state its intent as to the lease so as to protect lessors from delay and uncertainty. In the present case, the Debtor has stated its intention within the statutorily required period of 120 days from the entry of the order for relief.[1]

Based on the foregoing, the Motion to Assume the nonresidential real estate lease has been timely filed and the lease was not terminated by operation of law on June 11, 2009. Therefore, the Objection is **DENIED** as to the timeliness issue only. All other substantive and legal issues raised by the parties in the Motion to Assume and the Objection are reserved for later consideration by the Court.

**SO ORDERED.**

**END OF DOCUMENT**

---

[1] The parties do not dispute that the Motion to Assume was filed on the 119th day from the entry of the order for relief.