## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### Wilson Division

| | | |
|---|---|---|
| **In re:  AMERLINK, LTD** | : | **Bk. No. 09-01055-8-RPD** |
| | : | |
| | : | **Chapter 11** |
| | : | |
| **Debtor.** | : | |
| | : | |

### CARROLL COUNTY, VIRGINIA'S MOTION FOR EXAMINATION AND ORDER DIRECTING DEBTOR, AMERLINK, LTD, TO PRODUCE DOCUMENTS AND FOR ORAL EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 2004

Carroll County, Virginia ("Movant" or "Carroll County"), by counsel, respectfully moves the Court for an Order directing the Debtor, Amerlink, Ltd. ("Debtor" or "Amerlink"), to appear for examination, and produce documents, pursuant to Rule 2004 of the *Federal Rules of Bankruptcy Procedure* (the "Motion").  In support of its Motion, Carroll County represents as follows:

### Background

1.   On February 11, 2009, the Debtor filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2.   Carroll County has a claim against the Debtor arising from certain Performance Agreements with Amerlink, relating to economic development grants, an industrial site, and certain leased premises.

3.   Rule 2004 of the *Federal Rules of Bankruptcy Procedure* provides that "[u]pon motion of any party in interest, the Court may order the examination of any entity."  *Fed. R. Bankr. P.* 2004.  The scope of the examination is broad, including inquiry into the "acts, conduct, or

property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Id.

4. Courts have "long held that the scope of an examination under Bankruptcy Rule 2004 is extremely wide; some going as far as saying that 2004 allows fishing expeditions." *In re Nucletron Manufacturing Corp.*, No. 93-34486S, 1994 WL 16191611 (Bankr. E.D. Va. 1994)(emphasis added); *see also In re Kipp,* 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988)(noting that Rule 2004 "authorizes examination of any entity and the scope of such examination is virtually unlimited, [and] [a]s many courts have noted, the Rule allows an unrestricted fishing expedition."); *In re Cliffe,* 97 F.540 (E.D. Pa. 1899)(former provision of this title "did not in any way limit the right...to examine any competent witness concerning the acts, conduct, or property of the bankruptcy"); *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass 1983)(same).

5. Examination of the Debtor is necessary for Carroll County to examine issues and allegations raised by Debtor at recent hearings involving Carroll County and the Debtor, including, without limitations, Amerlink's pre-petition investment in certain alleged leased property and/or an industrial site in Carroll County, and the Debtor's assertion that the industrial site and/or leased premises in Carroll County are "vital" to Debtor's reorganization efforts.

6. In order to have the examination proceed efficiently, it is necessary that the Debtor, as soon as practicable before the examination, and in no event later than September 21, 2009[1], and pursuant to Rule 2004 of the *Federal Rule of Bankruptcy Procedure*, produce the documents described in **Exhibit A** hereto, at the Richmond, Virginia office of Sands, Anderson, Marks & Miller, P.C., 801 East Main Street, Suite 1800, Richmond, Virginia 23219.

_____

[1] Carroll County has served discovery on Amerlink pursuant to the pending Adversary Proceeding (Carroll County, Virginia vs. Amerlink, Ltd., *et al.*, Case No. 09-00140), and the contested hearing on Debtor's Motion to Assume Lease. Included in that discovery are Request to Produce Documents, which documents are also due to be produced on or before September 21, 2009.

## Relief Request

7.   The Creditor proposes to conduct the examination of Debtor pursuant to Rule 2004 of the *Federal Rules of Bankruptcy Procedure* at the North Carolina offices of Sands, Anderson, Marks & Miller, P.C., 430 Davis Drive, Suite 160, Morrisville, North Carolina 27560, on Monday, October 5, 2009, at 10:00 a.m., or on an otherwise mutually agreeable date and time.  The examination shall be continued from day to day, excluding weekends and holidays, if not completed on that date.

**WHEREFORE**, Creditor, Carroll County, Virginia, respectfully requests that the Court issue an Order substantially in the form attached hereto as **Exhibit B**:

1      Directing Amerlink, Ltd. to designate a representative(s) or other designee(s) to appear for examination, as set forth above, pursuant to Rule 2004 of the *Federal Rules of Bankruptcy Procedure*, to testify regarding Debtor's relationship with Carroll County and matters pertaining to Amerlink's pre-petition investment in certain alleged leased property and/or an industrial site in Carroll County, Virginia, and regarding the importance of, or necessity to have an industrial site and/or leased premises in Carroll County for Debtor's reorganization efforts.

2      Directing Debtor to produce at the offices of Sands, Anderson, Marks & Miller, 801 East Main Street, Suite 1800, Richmond, Virginia, no later than the close of business on September 21, 2009, all documents described in **Exhibit A** attached hereto pursuant to Rule

3

2004 of the *Federal Rules of Bankruptcy Procedure*.

Dated:  August 18, 2009                    **Respectfully Submitted,**

                                    **COUNTY, VIRGINIA**

                                  */s/ Paul C. Jacobson*
Paul C. Jacobson, Esq.-NCB No. 29778
William A. Gray, Esq.- VSB No. 46911) (*Pro Hac Vice*)
James E. Cornwell, Jr., Esq. -VSB No. 13983 (*Pro Hac Vice*)
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800
Post Office Box 1998
Richmond, Virginia 23218-1998
(804) 648-1636 Telephone
(804) 783-7291 Telefax
pjacobson@sandsanderson.com
bgray@sandsanderson.com
jcornwell@sandsanderson.com
*Counsel for Carroll County, Virginia*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of North Carolina, Wilson Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to all persons appearing below:

Stephanie W. Humrickhouse
Gregory B. Crampton
Nicholls & Crampton
P.O. Box 19237
Raleigh, North Carolina 27619
*Attorney for Debtor*

Scott Kirk
Bankruptcy Administrator
P.O. Box 3758
Wilson, North Carolina 27885-5758
*Bankruptcy Administrator*

4

Jeffrey M. Cook
J. M. Cook, Attorney-At-Law
P.O. Box 2241
Raleigh, North Carolina 27602
  *Attorney for Unsecured Creditors Committee*

David M. Warren
Poyner & Spruill, LLP
301 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601


       /s/ Paul C. Jacobson

## EXHIBIT A

## GENERAL INSTRUCTIONS

A       The term "document" includes, but is not limited to, all letters, correspondence, writings, financial statements, rent rolls, operating reports, bank statements, bank reconciliations, receipts, invoices, canceled checks, check registers, cash receipts, leases, deeds of trust, mortgages, contracts, appraiser reports, purchase or sale agreements, proposals, and any other data compilation form which information may be obtained in the actual or constructive control or custody of the Debtor.

B       The phrase "relating to" means consisting of, referring to, reflecting, or being legally, logically, or factually connected in any way with the subject matter.

C       The terms "Debtor" or "Amerlink" means Amerlink, Ltd.

D       The term "Carroll County" refers to Carroll County, Virginia.

E       The term "Sales Center" means the premises leased by Amerlink located in the Southwest Virginia Farmers Market, Carroll County, Virginia.

F       The term "Industrial Site" means the approximate 32.4 acre parcel of real property in the Carroll County Industrial Park, Carroll County, Virginia.

## DOCUMENTS TO PRODUCE

The documents to be produced include all of the following:

1.       Any and all documents related to Amerlink's pre-petition investment in, and/or costs in construction of, the Sales Center.

2.       Any and all documents related to Amerlink's pre-petition investment in, and/or costs relating to, the Industrial Site.

3.      Any and all documents relating to the Sales Center and/or Industrial Site, that support or refute the contention that the Sales Center and/or Industrial site are vital to, or necessary for, Amerlink's successful Chapter 11 reorganization, including but not limited to, any business plans or studies or analysis of Carroll County as the preferred or best location for Amerlink's milling operations, or for any other purpose, and any studies or analysis of any other location, other than Carroll County, Virginia, as an alternative for Amerlink's milling operations or any other purpose.

4.      Any and all documents relating to any agreement between Amerlink or Harlingen Holdings, and Pro-Form Construction, Inc., regarding the Industrial Site

5.      Any and all documents relating to Carroll County, Virginia, and the Sales Center or the Industrial Site.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
Wilson Division

In re:  AMERLINK, LTD                                      :         Bk. No. 09-01055-8-RPD
                                                           :
                                                           :         Chapter 11
                                                           :
                              Debtor.                      :
_____ :

**ORDER RE:  MOTION FOR EXAMINATION AND ORDER DIRECTING
DEBTOR, AMERLINK, LTD., TO PRODUCE DOCUMENTS
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 2004**

Upon review of the Motion brought by Carroll County, Virginia ("Carroll County"), for

an Order: (a) directing Amerlink, Ltd. to appear for examination pursuant to Rule 2004 of the

*Federal Rules of Bankruptcy Procedure*; and (b) directing Amerlink, Ltd. to produce documents

pursuant to Rule 2004 of the *Federal Rules of Bankruptcy Procedure*, and good cause appearing

therefore,

**IT IS HEREBY ORDERED:**

1.      That the Motion is approved; and

2.      That Amerlink, Ltd. is to produce a representative(s) or other designee(s) to

testify regarding Debtor's relationship with Carroll County and Amerlink's pre-petition

investment in property located in Carroll County, Virginia, and the assertion that such property is

vital or necessary to the Debtor's reorganization efforts, and such related topics.  Pursuant to

Rule 2004 of the *Federal Rules of Bankruptcy Procedure*, as requested in the Motion, the

examination shall take place and said representative(s) or other designee(s) of Amerlink is

directed to appear at the office of Creditor's counsel, Sands, Anderson, Marks & Miller, P.C.,

430 Davis Drive, Suite 160, Morrisville, North Carolina 27560-6802 on Monday, October 5,

2009 at 10:00 a.m., or such other time as mutually agreed upon by Carroll County and Amerlink,

Ltd., and continue from day to day, excluding weekends and holidays, until completed; and

3.        That Amerlink, Ltd. is required to produce for examination and copying by

counsel for Creditor, Carroll County, pursuant to Rule 2004 of the *Federal Rules of Bankruptcy*

*Procedure* at the offices of Sands, Anderson, Marks & Miller, 801 East Main Street, Suite 1800,

Richmond, Virginia, no later than the close of business on September 21, 2009, the originals or

true and correct copies of all documents which are described on **Exhibit A** to Creditor's Motion.


Date: _____          _____

                                       United States Bankruptcy Judge