**SO ORDERED.**

**SIGNED this 3 day of March, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

AMERLINK, LTD.,                   CHAPTER 7
                                          CASE NO. 09-01055-8-RDD

DEBTOR.

**ORDER**

Pending before the Court is the Motion to Authorize Trustee to Waive Debtor and Debtor in Possession's Attorney-Client Privilege filed by John M. Barth, Sr. ("Barth Sr.") on December 10, 2013 (the "Motion"), the Memorandum in Support of the Motion to Authorize Waiver filed by Barth Sr. on February 20, 2014 (the "Memo in Support") and the Memorandum in Opposition to Motion to Authorize Trustee to Waive Debtor and Debtor in Possession's Attorney-Client Privilege filed by Richard B. Spoor[1] ("Spoor") and twenty-three customer creditors[2] of Amerlink, Ltd. (the "Newton

---

[1] Richard B. Spoor is the CEO, Treasurer and Board Chairman of AmerLink, Ltd. and the Plaintiff in the Wake County Suit.

[2] The customer creditors are: John Newton, Harry Schatmeyer, Cheryl Schatmeyer, Juan Velazquez, Robert Thompson, Kristi Thompson, Dale F. Camara, A. J. Rice, Violane Rice, Randall Slayton, Marie Paladino, Marcar Enterprises, Inc., Maynard Sikes, Nancy Sikes, Billy Bacon, Beverly Bacon, Sabina Houle, Kenneth Cournoyer, Lawanna Cournoyer, Gary Gross, Elke Gross, Jack Donnelly, and Joseph Kintz.

Objectors") on December 21, 2013 (the "Objection Memo").[3] The Court conducted a hearing on February 26, 2014, in Greenville, North Carolina, to consider these matters.

## FACTUAL HISTORY

AmerLink, Ltd. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 11, 2009. Stephen L. Beaman (the "Trustee") was appointed as a Chapter 11 Trustee on August 21, 2009. The instant case was converted from Chapter 11 to one under Chapter 7 of the Bankruptcy Code on November 23, 2009. The Trustee remained as trustee in the Chapter 7 proceeding. The Trustee filed a number of adversary proceedings, including Adv. Proc. No. 10-00164-8-JRL, which named, among others, Spoor; John M. Barth, Jr., President and board member of AmerLink, Ltd. ("Barth Jr."); and Barth Sr. (the "Adversary Proceeding"). The Adversary Proceeding was settled with the Court's approval on July 27, 2012.

On October 11, 2011, Spoor filed a complaint in the Superior Court of Wake County, North Carolina naming Barth Jr. and "John Doe, Sr." as defendants (the "Wake County Suit"). On February 14, 2012, Spoor subsequently amended his complaint and named Barth Jr., Barth Sr., John Does 1-5, and JR International Holdings, LLC as defendants (the "Defendants"). That suit is being defended by Barth Sr. and Barth Jr. The parties are presently conducting discovery. JR Holdings International, LLC has not filed a responsive pleading in the Wake County Suit, nor has an attorney filed an appearance on its behalf.

Spoor's theories of recovery in the Wake County Suit are based on Spoor's allegations regarding a scheme by Barth Jr. and Barth Sr. to take over the Debtor in

---

[3] Attorney Barry Nakell ("Mr. Nakell") has filed two identical objections to the Motion, one on behalf of Richard Spoor and the other on behalf of John Newton, one of the Newton Objectors. The Objections state they are being submitted by Spoor and the Newton Objectors.

connection with allegedly proposed investments in or financing to the Debtor or a limited liability company into which Spoor alleges he contributed his stock in the Debtor. During the discovery process in the Wake County Suit, a dispute arose between Spoor and the Defendants as to the scope of the waiver of the Debtor's attorney-client privilege. The dispute initially arose with regard to Barth Sr.'s request to Spoor for production of documents from, and inspection and copying of, files on a server and two computers (the "Computer Equipment") that had been property of the Debtor's estate but that remain in Spoor's possession and control. The Trustee consented to waive the attorney-client privilege of the Debtor and the debtor in possession at the request of Barth Sr. When Spoor objected, the Trustee requested that Barth Sr. file a motion with the Court to request affirmation of the Trustee's authority to waive the Debtor and debtor in possession's attorney-client privilege. (See "Group Exhibit A" in the Motion at p. 15). The Motion requests that the Court affirm the Trustee's authority to waive the Debtor's prepetition and postpetition attorney-client privilege.

The Objection Memo states that there is no authority supporting the Motion and that the four cases cited by Barth Sr. in support of the Motion[4] present circumstances materially different from the case at bar. The Objection Memo also questions whether the Trustee consented to the relief sought in the Motion.

## DISCUSSION

Barth Sr. argues that, in a Chapter 7 case, waiver of a corporate debtor's attorney-client privilege is controlled exclusively by the trustee. *See CFTC v. Weintraub*, 471 U.S. 343, 358 (1985)

---

[4] *CFTC v. Weintraub*, 471 U.S. 343, 358 (1985); *United States v. Campbell*, 73 F.3d 44, 47 (5th Cir. 1996); *In re Hechinger investment Co. Of Deleware*, 285 B.R. 601, 610-11 (D. Del. 2002); and *In re Bame*, 251 B.R. 367, 375 (Bankr. D. Minn. 2000).

(upholding trustee's waiver of company's attorney-client privilege for pre-bankruptcy communications, over the objection of former management). *See also United States v. Campbell*, 73 F.3d 44, 47 (5th Cir. 1996) (trustee has authority to waive privilege for limited partnership); *In re Hechinger Investment Co. of Delaware,* 285 B.R. 601, 610-11 (D. Del. 2002) (upholding, post-confirmation, the trustee's waiver of privilege in Chapter 11 context). Further, Barth Sr. contends that a Chapter 7 trustee is empowered to waive the privilege as to both prepetition and postpetition communications. *See In re Bame,* 251 B.R. 367, 375 (Bankr. D. Minn. 2000) (compelling deposition of postpetition Chapter 11 counsel in the case of an individual, not corporate debtor).

Spoor and the Newton Objectors argue that the four cases cited by Barth Sr. in support of the Motion do not apply because, unlike all four cases, in the instant case: (1) the action was not brought by the Trustee or a government agency on behalf of or in support of creditors; (2) the Trustee has not acted to waive the Debtor's attorney-client privilege; (3) the Trustee has not determined that the waiver is in the best interest of the creditors; and (4) the Court is being asked to order or authorize the Trustee to waive the privilege. Further, Spoor and the Newton Objectors contend that, because the Trustee has settled the Adversary Proceeding, the Trustee no longer has the authority to waive the Debtor's attorney-client privilege. Moreover, Spoor and the Newton Objectors argue that giving the Trustee unfettered control to grant a broad waiver of the attorney-client privilege will have an undesirable chilling effect on attorney-client communications.

In the *Weintraub* case, the Commodity Futures Trading Commission (the "CFTC") filed a complaint against the Chicago Discount Commodity Brokers (the "CDCB"). That same day, CDCB filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and John Notz was appointed as Trustee ("Notz"). As part of its investigation of the CDCB, the CFTC served a subpoena *duces tecum* upon CDCB's former counsel, Gary

Weintraub. Mr. Weintraub refused to answer twenty three questions asserting CDCB's attorney-client privilege. The CFTC asked Notz to waive the privilege. Notz waived "any interest I have in the attorney/client privilege possessed by that debtor for any communications or information occurring or arising on or before . . . [the date of the Trustee's appointment as receiver]." The United States Supreme Court unanimously held that the trustee of a corporation in bankruptcy has the authority to waive the debtor corporation's attorney-client privilege with respect to communications that took place before the filing of the petition in bankruptcy. *CFTC v. Weintraub*, 471 U.S. 343, 358 (1985).

The Trustee in the instant case, like in *Weintraub*, was not a party to the civil action for which the waiver was sought and the civil action was not brought by the Trustee. Spoor and the Newton Objectors attempt to distinguish the instant case from *Weintraub* on the grounds that a government agency brought the action in *Weintraub*. The holding in *Weintraub* affirmed broad authority of the Chapter 7 Trustee to waive the attorney-client privilege. No limitation on the waiver based on the identity of the litigants was expressed by the Supreme Court.

Spoor's argument that the instant case is distinguishable from *Weintraub* because the Trustee has not acted to waive the Debtor's attorney-client privilege has no merit. The Trustee had already determined that a waiver was appropriate, and therefore, unequivocally consented to the waiver. It was only after Spoor and the Newton Objectors' objection that the Trustee requested that the Court affirm his authority.

Nor is there any merit to the argument that the Trustee did not determine that the waiver is in the best interest of the creditors. First, there is no legal precedent for such a requirement. Second, even if a best interest of creditors test had been a requirement in *Weintraub,* the Trustee undoubtedly has broad discretion to decide the best way to uncover

5

assets or potential causes of action against unknown persons and/or entities. See 11 U.S.C. § 704. The Trustee could very well determine the best interest of creditors would be served by waiving the attorney-client privilege in such litigation.

This Court is not "authorizing" the Trustee to waive the Debtor's attorney-client privilege. Under *Weintraub,* the Court need not authorize the Trustee to waive the attorney-client privilege for the corporate debtor and corporate debtor in possession. Rather, in light of Spoor and the Newton Objectors' objection to the Trustee's consent to the waiver, the Court is merely affirming the Trustee's broad authority.

In *Weintraub*, the Court reasoned that the "chilling effect" is no greater when the Trustee waives the attorney-client privilege "than in the case of a solvent corporation, where individual officers and directors always run the risk that successor management might waive the corporations attorney-client privilege with respect to prior management's communications with counsel." *Weintraub*, 471 U.S. at 357. The same analysis applies in this case. This Court is unpersuaded by the "chilling effect" argument by Spoor and the Newton Objectors.

In summary, the Trustee's authority to waive the attorney-client privilege in a corporate Chapter 11 case is broad. The Trustee has full authority and discretion to determine if a waiver is appropriate. Further, there is no legal precedent for any exceptions to the Trustee's waiver authority. The Trustee in this case has made the determination to waive the Debtor's attorney-client privilege as requested by Barth, Sr. Therefore, it shall be waived.

For the foregoing reasons, this Court affirms that the Trustee of AmerLink, Ltd. has complete and exclusive authority to waive the corporate Debtor's prepetition and postpetition attorney-client privilege. The Motion is **GRANTED,** and the objections are **OVERRULED.**

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. The Court affirms the Trustee's broad authority to waive the Debtor's prepetition and postpetition attorney-client privilege, both as debtor and as debtor in possession, as to any subject matter and any form of communication, written or spoken, between the Debtor and any of its officers and directors, including, but not limited to, any communications or information held, preserved or recorded on the Computer Equipment in the possession or control of Spoor, or received or delivered during in-person meetings or telephone conversations.

2. The Court affirms the Trustee's broad authority to waive the Debtor's prepetition and postpetition attorney-client privilege, both as debtor and as debtor in possession, as to any subject matter and any form of communication, written or spoken, between the Debtor and any attorney or law firm representing the Debtor, including, but not limited to, any communications or information held, preserved or recorded on the Computer Equipment in the possession or control of Spoor, or received or delivered during in-person meetings or telephone conversations.

3. The Trustee is directed to execute a waiver of the attorney-client privilege of Amerlink, Ltd. in accordance with this Order.

**SO ORDERED.**

**END OF DOCUMENT**