**SO ORDERED.**

**SIGNED this 8 day of May, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

AMERLINK, LTD.,                                          CHAPTER 7
                                                         CASE NO. 09-01055-8-RDD
         DEBTOR

### ORDER DENYING MOTION FOR A STAY PENDING APPEAL

Pending before the Court is the Motion for Stay filed by the Objecting Parties[1] on April 2, 2014, the Response in Opposition to Motion for Stay filed by John M. Barth, Sr. on April 14, 2014 and the Supplement in Support of Motion for Stay filed by the Objecting Parties on April 28, 2014. The Court conducted a hearing on April 29, 2014 in Greenville, North Carolina to consider these matters.

Amerlink, Ltd. (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 11, 2009.  On August 21, 2009, the Court appointed a chapter 11 trustee (the

---

[1] The Objecting Parties are listed as Richard Spoor and the following customer creditors: John Newton, Harry Schatmeyer, Juan Valazquez, Robert Thompson, Kristi Thompson, Dale F. Camara, A.J. Rice, Violane Rice, Randall Slayton, Marie Paladino, Marcar Enterprises, Inc., Maynard Sikes, Nancy Sikes, Billy Bacon, Beverly Bacon, Sabina Houle, Kenneth Cournoyer, Lawanna Cournoyer, Gary Gross, Elke Gross, Jack Donnelly, and Joseph Kintz.

"Trustee"). On November 23, 2009, the case was converted to a chapter 7 proceeding. The Trustee remained as the Trustee in the chapter 7 proceeding. The Trustee filed a number of adversary proceedings, including Adv. Proc. No. 10-00164-8-JRL, which named among others, Spoor; John M. Barth, Jr., President and board member of AmerLink, Ltd. and Barth Sr. The Adversary Proceeding was settled with the Court's approval on July 27, 2012.

On October 11, 2011, Spoor filed a complaint in the Superior Court of Wake County, North Carolina naming Barth Jr. and "John Doe, Sr." as defendants (the "Wake County Suit"). On February 14, 2012, Spoor subsequently amended his complaint and named Barth Jr., Barth Sr., John Does 1-5, and JR International Holdings, LLC as defendants (the "Defendants"). That suit is being defended by Barth Sr. and Barth Jr. The parties are presently conducting discovery. JR Holdings International, LLC has not filed a responsive pleading in the Wake County Suit, nor has an attorney filed an appearance on its behalf.

Spoor's theories of recovery in the Wake County Suit are based on Spoor's allegations regarding a scheme by Barth Jr. and Barth Sr. to take over the Debtor in connection with allegedly proposed investments in or financing to the Debtor or a limited liability company into which Spoor alleges he contributed his stock in the Debtor. During the discovery process in the Wake County Suit, a dispute arose between Spoor and the Defendants as to the scope of the waiver of the Debtor's attorney-client privilege. The dispute initially arose with regard to Barth Sr.'s request to Spoor for production of documents from, and inspection and copying of, files on a server and two computers (the "Computer Equipment") that had been property of the Debtor's estate but that remain in Spoor's possession and control. The Trustee consented to waive the attorney-client privilege of the Debtor and the Debtor in possession at the request of Barth Sr. When Spoor objected, the Trustee requested

2

that Barth Sr. file a motion with the Court to request affirmation of the Trustee's authority to waive the Debtor and Debtor in possession's attorney-client privilege. The motion requested that the Court affirm the Trustee's broad authority to waive the Debtor's prepetition and postpetition attorney-client privilege, rather than simply waiving the privilege at each of Barth Sr.'s requests. Barth, Sr., contends that Spoor has attempted to use the Debtor's privilege as a cloak to hide relevant information from Barth, Sr.

This Court conducted a lengthy hearing on Barth Sr.'s motion seeking Court approval for the Trustee waiver of the attorney-client privilege and on March 3, 2014, the Court entered the Order granting Barth Sr.'s motion to authorize the Trustee to waive the Debtor's attorney-client privilege (the "Order"). The Order affirmed the Trustee's broad authority to waive the Debtor's prepetition and post petition attorney-client privilege, both as to the Debtor and the Debtor in possession, as to any subject matter and any form of communication, written or spoken, between the Debtor and any of its officers and directors and any attorney or law firm representing the Debtor, including, but not limited to, any communications or information held, preserved or recorded on Computer Equipment or in the possession or control of Spoor, or received or delivered during in-person meetings or telephone conversations. The Trustee was ordered to execute a waiver of the attorney-client privilege of the Debtor.

On March 11, 2014, the Objecting Parties filed the motion to amend or reconsider the Court's March 3, 2014 Order. On April 1, 2014, the Court entered the order denying the Objecting Parties motion to amend its previous order as the Objecting Parties failed to set forth sufficient grounds to amend the Court's previous order.

On April 2, 2014, the Objecting Parties filed a notice of appeal as to the Court's March 3, 2014 and April 1, 2014 Orders (the "Orders").  On April 2, 2014, the Objecting Parties filed a motion for a stay pending appeal, seeking a stay of the March 3, 2014 Order.

Federal Rule of Bankruptcy Procedure 8005 authorizes a court to stay the enforcement of a bankruptcy court order pending appeal.

> The granting of a motion for stay pending appeal is discretionary with the court; however, . . . the movant must satisfy a four-prong test developed by the Fourth Circuit Court of Appeals. Pursuant to this test, the party seeking the stay pending the appeal must show that: (1) it will likely prevail on the merits of the appeal, (2) it will suffer irreparable injury if the stay is denied, (3) other parties will not be substantially harmed by the stay, and (4) the public interest will be served by granting the stay.

*In re Ward*, 184 B.R. 253 (Bankr. D.S.C. 1995) (citing *Long v. Robinson*, 432 F.2d 977 (4th Cir. 1970).

The Objecting Parties have not met this test.  Specifically, the Objecting Parties fail to show they are likely to prevail on the merits of their appeal.  The Objecting Parties do not cite to any legal authority within their motion and only state that no precedent supports the Court's Order. Accordingly, the Objecting Parties fail to set forth any authority which would support the claim that they are likely to prevail on the merits of the appeal. The Court finds the United States Supreme Court *CFTC v. Weintraub*, 471 U.S. 343 (1985) is controlling precedent as was set forth in the March 3, 2014 Order.

In addition, the Objecting Parties do not present any argument that they will suffer irreparable harm absent the stay, other than the assertion that the attorney-client privilege is a right and losing that right would cause harm.  "Irreparable harm must be neither remote nor speculative, but actual and imminent." *In re BGI, Inc.* 504 B.R. 754, 762 (S.D.N.Y. 2014) (internal quotation and citations

4

omitted).  Objecting Parties have failed to show any harm the Objecting Parties would suffer by providing the requested discovery.  In fact, it seems it would be a benefit to all creditors, litigants, and the Trustee to have full and open access to the information regarding the Debtor.  Additionally, if Spoor has not engaged in any wrongdoing, as he contends, waiving the attorney-client privilege should be a benefit to all parties involved.

The Objecting Parties have failed to show that other parties will not be substantially harmed if the stay is granted. Barth Sr. believes by obtaining access to the previously withheld information and documents he can demonstrate that Spoor has no possible claims against him.  The alternative to the broad waiver, is Barth Sr., requesting a new waiver from the Trustee each time Spoor or a third party raises the attorney-client privilege. This will be costly, time-consuming, and burdensome for the parties in interest.

The Objecting Parties have not shown in any way how the public interest would be served by staying the March 3, 2014 Order, and this Court believes that there is no such public interest that would be served by staying the Order, especially in light of *CFTC v. Weintraub*, 471 U.S. 343 (1985).

At the hearing, the Objecting Parties submitted an excerpt from the deposition of the Trustee conducted on April 10, 2014. The Court has considered the deposition in its entirety and does not find anything within it which would show the Objecting Parties are entitled to a stay pending appeal.

Therefore, the Objecting Parties have failed to meet the requirements for this Court to enter a stay pending the appeal of the Order.  Therefore, The Objecting Parties' motion to stay the Order entered on March 3, 2014  is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**