UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-236-F

IN RE: AMERILINK, LTD.,          )
         Debtor.          )          <u>ORDER</u>
                           )
_____)

This matter is before the court on creditor Richard Spoor's motion for leave to appeal [DE-1]. Spoor, acting on his own behalf and purportedly on behalf of twenty-three other creditors of the Debtor ("AmeriLink"), seeks to file an interlocutory appeal from the Bankruptcy Court's order affirming the trustee's ability to waive AmeriLink's attorney-client privilege. The motion is DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Spoor, previously employed as a corporate officer at AmeriLink, retains possession of a computer and various electronic files that belong to AmeriLink. In connection with a state court civil case that Spoor filed against Barth and other individuals, John Barth Sr. has requested the computer and the files. Spoor refused to turn over the documents in discovery in the state court action, asserting that the documents in his possession are protected by AmeriLink's attorney-client privilege. In response, Barth requested that the bankruptcy trustee waive AmeriLink's attorney-client privilege, which would have the effect of forcing Spoor to turn over the documents in response to the discovery requests. Because Spoor noted his objection to the waiver, the trustee requested that Barth seek approval to waive the privilege from the Bankruptcy Court. The Bankruptcy Court ruled that the trustee has broad authority to waive the attorney-

client privilege of a corporate debtor and that waiver was entirely justified in the present circumstances. This appeal followed.

## ANALYSIS

As a threshold issue, Spoor's motion fails to comply with Bankruptcy Rule 8003(a)(3), which governs interlocutory appeals from Bankruptcy Court decisions. Fed. R. Bankr. P. 8003. The rule requires, among other things, "a statement of the reasons why an appeal should be granted." *Id.* Spoor's motion provides a list of seven assignments of error, but fails to include any legal argument or citation to authority in support of the listed errors. Although the court considered giving Spoor an opportunity to amend his motion to appeal, upon review of the record it plainly appears amendment would be futile. None of the assignments of error have merit or even present debatable questions that may warrant further briefing. For this reason, the motion for leave to appeal [DE-1] is DENIED with prejudice.

Nearly thirty years ago, the United States Supreme Court held that a bankruptcy trustee has authority to waive a corporate debtor's attorney-client privilege. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985). Outside of bankruptcy, a corporation's management typically has the power to waive the corporation's attorney-client privilege. *Id.* at 348-49. However, when a corporation enters bankruptcy, the corporate officers are effectively stripped of their management powers, including the power to waive or enforce the corporation's attorney-client privilege. *See id.* at 351-53. Because in bankruptcy the trustee occupies a role that closely resembles that of a corporate manager, *id.*, the Court held that the bankruptcy trustee has broad authority to waive the corporation's attorney-client privilege during the bankruptcy, including for those communications that occurred prior to the bankruptcy filing. *Id.* at 358.

*Weintraub* remains good law. *See In re C.W. Mining Co.*, 636 F.3d 1257, 1261-62 (10th Cir. 2011); *In re Foster*, 188 F.3d 1259, 1265-66 (10th Cir. 1999); *SEC v. Elfindepan, S.A.*, 169 F. Supp. 2d 420, 430-31 (M.D.N.C. 2001).

In his first assignment of error, Spoor questions "whether the Bankruptcy Court had authority to direct or authorize the Bankruptcy Trustee to waive the attorney-client privilege of a Bankruptcy debtor." Mot. for Leave to Appeal [DE-1] at 5. The Bankruptcy court has ample authority to authorize the trustee to waive the corporate-debtor's attorney-client privilege. Indeed, that is precisely what occurred in *Weintraub*: corporate officers objected to the trustee's waiver of the corporation's attorney-client privilege and the parties turned to the courts to resolve the debate. *Weintraub*, 471 U.S. at 346-47. Furthermore, the Supreme Court expressly stated in *Weintraub* that a party may challenge "the propriety of the trustee's waiver of the attorney-client privilege in a particular case . . . in the bankruptcy court." *Id.* at 355 n.7. This assignment of error is without merit.

The second assignment of error questions whether the Bankruptcy Court erred in authorizing the Trustee to waive the privilege "[w]here the Trustee did not initiate a waiver, did not execute a waiver, and did not make a determination that the waiver was in the best interests of the bankruptcy estate or its creditors or would maximize the value of the estate." Mot. for Leave to Appeal [DE-1] at 5. As an initial matter, it is immaterial that the trustee in this case did not initiate or request the waiver. In *Weintraub*, a third-party Government agency (the Commodity Futures Trading Commission) requested a waiver from the trustee and the Court upheld the trustee's power to waive the privilege. *Weintraub*, 471 U.S. at 346, 358. Nothing in *Weintraub* requires the trustee to "initiate" or request the waiver.

Spoor's second assignment of error also suggests that the trustee cannot waive the corporate attorney-client privilege without initially finding that the waiver is in the best interests of the bankruptcy estate or the creditors. There is no dispute that all of the trustee's decisions—including whether to waive the corporate attorney-client privilege—must not contravene the trustee's fiduciary duties to the bankruptcy estate. *See id* at 355 n.7 ("The propriety of the trustee's waiver of the attorney-client privilege in a particular case can, of course, be challenged in the bankruptcy court on the ground that it violates the trustee's fiduciary duties."). But that does not mean that the trustee must document a "best interests" showing every time he chooses to waive the privilege. Instead, as the *Weintraub* court noted, the trustee may waive the privilege and then an objecting party may challenge the waiver as contrary to the fiduciary duties of the trustee. Spoor makes no attempt to show how the waiver in this particular case contravened the trustee's fiduciary duties.

Spoor's third and fourth assignments of error are essentially just restatements of the second assignment of error: (3) "[w]hether the Bankruptcy Court had authority to direct or authorize the Trustee to waive the attorney-client privilege of a Bankruptcy Debtor at the request of a party who is not a creditor, has no standing to speak for creditors, has no interest in supporting the creditors, and has done nothing to help the creditors" and (4) "[w]hether the Bankruptcy Court had authority to direct or authorize the Trustee to waive the attorney-client privilege at the request of a party who does not seek the best interests of the creditors or to maximize the value of the estate." Mot. for Leave to Appeal [DE-1] at 5-6. These assignments of error are overruled primarily for the reasons stated above.

To the extent Spoor seeks to distinguish the waiver upheld in *Weintraub* on the basis of the identity of the third-party requesting the waiver, this is a distinction without significance. Nothing in the *Weintraub* opinion suggests that the identity of the third-party requesting the waiver has any bearing on whether the trustee has the power to waive the privilege. Although it is true that in *Weintraub* the Commodity Futures Trading Commission ("CFTC") requested that the debtor enter bankruptcy, there is no suggestion in *Weintraub* that the CFTC was an actual creditor, had standing to speak for the creditors or was acting on behalf of the creditors. While the interests of the CFTC and the creditors in *Weintraub* may have been somewhat aligned, the holding in *Weintraub* was not based on the identity of the party requesting the waiver or whether that party had some interest in increasing the value of the estate. Rather, the holding was predicated on the trustee's status as a manager and agent for the corporation in a corporate bankruptcy. *Weintraub*, 471 U.S. at 351-53. Thus, the trustee has the power to waive the debtor-corporation's attorney-client privilege regardless of the identity of the party requesting the waiver and subject only to challenges that the trustee is contravening his fiduciary duties to the bankruptcy estate. *See id.* at 355 n.7, 358.

The remaining assignments of error are without merit. They include: (5) "[w]hether the Bankruptcy Court had authority to direct or authorize the Trustee to waive the attorney-client privilege at the request of a party who has not identified any wrongdoing that he seeks to expose or any way in which such wrongdoing would be of assistance to them or to the creditors or the estate"; (6) "[w]hether it would constitute a breach of his fiduciary duty for the Trustee to execute a waiver of the attorney-client privilege of the Bankruptcy Debtor without a showing that such a waiver is in the best interests of the Bankruptcy Estate or its creditors or would maximize

the value of the Estate?" and (7) "[w]hether it would be an abuse of discretion for the Bankruptcy Court to abuse its immunity to issue a 'comfort order' to protect the Trustee from any claims of breach of fiduciary duty if the Trustee were to execute a waiver of the attorney-client privilege of the Bankruptcy Debtor without a showing that such a waiver is in the best interests of the Bankruptcy Estate or its creditors or would maximize the value of the Estate." Mot. for Leave to Appeal [DE-1] at 6.

As the court explained above, the trustee's waiver of the corporation's attorney-client privilege remains subject to challenges based on violations of the trustee's fiduciary duties. *Weintraub*, 471 U.S. at 355 n.7. Counsel was free to argue before this court or the Bankruptcy Court that the trustee's waiver in this case constituted a breach of his fiduciary duties. Instead of making that argument, counsel seeks to impermissibly shift the burden to the trustee to show that the waiver benefits the estate before waiving the privilege. These assignments of error reflect a misunderstanding of the trustee's fiduciary duties. The trustee may take actions that do not directly increase the value of the estate or directly benefit creditors without breaching his fiduciary duties to the estate. As Barth notes in his brief, the trustee may have executed the waiver in this case solely for reasons of administrative convenience. *See In re Hutchinson*, 5 F.3d 750, 753 (4th Cir. 1993) (explaining trustee's fiduciary duties and noting that one of chapter 7 trustee's "main duties" is "to close the estate expeditiously"). Nothing in the *Weintraub* opinion suggests the trustee may only waive the privilege when it directly benefits creditors or otherwise increases the value of the bankruptcy estate. If, for example, the waiver somehow compromised the value of the estate, then Spoor may have a legitimate claim for breach of fiduciary duty. But he has made no such showing.

## CONCLUSION

For the foregoing reasons, the motion for leave to appeal [DE-1] is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 21ˢᵗ day of May, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge