SO ORDERED.

SIGNED this 31 day of March, 2016.



_____
**Catharine R. Aron**
**United States Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AmerLink, Ltd., | ) | Case No. 09-01055-8-CRA |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### ORDER DENYING MOTION TO RECONSIDER

THIS CASE came before the Court on March 7, 2016, on the Motion to Reconsider Order on Trustee's Objection to Claim 185 [D.E. 1087] Entered on April 19, 2013 by Nancy Reynolds, Creditor [Doc. # 1253] (the "Motion"). At the hearing, Jennifer Bennington appeared on behalf of the Trustee and Ciara Rogers appeared on behalf of Nancy Reynolds (the "Movant"). The Movant appeared and testified on her own behalf. After considering this testimony, the arguments of counsel, the Motion, the Trustee's response to the Motion [Doc. # 1254], and the record in this case, the Court concludes that the Motion should be denied.

Background

The Movant and her son, Gregory Reynolds (collectively, the "Claimants"), filed a claim in the amount of $2,500,000 on May 19, 2009 (the "Claim"). At the time, the Claimants were represented by Michael Jacobs, an attorney in New York. Mr. Jacobs hired Peter Moeller of Harris, Creech, Ward & Blackerby, P.A. ("HCWB") as local counsel. The Claim requested that payments be mailed to Mr. Jacobs and notices be mailed to Mr. Moeller.

On February 4, 2013, the Trustee filed an objection to the Claim [Doc. #861] (the "Objection"). Notice of the Objection was mailed to Mr. Moeller, as directed in the Claim, and as requested by a Notice of Appearance filed on May 19, 2009. See Doc. #'s 97 and 1009. No response to the Objection was filed, and on April 19, 2013, the Court entered an order sustaining the Objection and disallowing the Claim [Doc. # 1087] (the "Order Disallowing Claim").

The present motion, filed twenty-seven (27) months after entry of the Order Disallowing Claim, requests reconsideration of the Claim "for cause" under 11 U.S.C. § 502(j) and Rule 3008 of the Federal Rules of Bankruptcy Procedure.[1] In support of this request, the Movant pleads inadvertence/excusable neglect. Specifically, she explains that: (1) her local counsel changed after December 27, 2009, when Mr. Moeller left HCWB to start his own law firm and did not update the Claim or the notice of appearance to reflect his new firm name and address, even though she requested that he continue to represent her; (2) her New York counsel, Mr. Jacobs, died on August 25, 2013; and (3) she relied upon both counsel to represent her. Further, she

---

[1] Bankruptcy Rule 3008 explains that "[any] party in interest" has standing to move for reconsideration of an order allowing or disallowing a claim against the estate.

states that she tried to remain active in the case by mailing a letter to the Court on June of 2014, noting that Mr. Jacobs had died and requesting that all documents be sent directly to her/her son.[2]

In response to the Motion, the Trustee filed a pleading with the Court indicating that he would not oppose reconsideration of the Claim, so long as (1) any payment on the Claim would be for future distributions only, and (2) the Movant did not seek recovery against the Debtor's estate for prior distributions.

On March 4, 2016, almost seven years after filing the Claim, the Movant file an amended claim in the amount of $409,059.23.  At the March 7, 2016 hearing, the Trustee expressed some concern about this amended claim.  The Trustee also appeared reluctant to postpone his final distribution in the case until such time as the Claim/the amended claim might be allowed.  Following the conclusion of the hearing, the Court took the matter under advisement.

## Analysis

Under 11 U.S.C. § 502(j), "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."  The determination of cause rests within the Court's discretion.  *Snow v. Countrywide Home Loans, Inc. (In re Snow)*, 270 B.R. 38, 41 (D. Md. 2001); *In re Babb*, No. 06-03003-8-JRL, 2009 WL 1073105, at *1 (Bankr. E.D.N.C. Apr. 16, 2009).  This Court has applied the standard for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure when analyzing a motion under § 502(j).  *See, e.g.*, *In re Varghese*, No. 10-03158-8-DMW, 2015 WL 1408836, at *2-*4 (Bankr. E.D.N.C. Mar. 25, 2015).  "[T]he burden of establishing cause for reconsideration under 502(j) rests with the moving party[.]"  *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 248 n.3 (4th Cir. 2015).

---

[2] The Court could not confirm the existence of this letter.  What is identified on the docket as "Notice of Address Change for Nancy and Gregory Reynolds" [Doc. # 1204] is, in fact, a July 9, 2013 order authorizing the first partial payment of the trustee's commissions.

3

Here, the defendant argues that her delay was the result of inadvertence/excusable neglect under Rule 60(b)(1). The factors the Court must consider in determining whether a party's neglect has been excusable under this rule include: "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith," *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *In re Coker*, No. 14-00223-5-RDD, 2014 WL 6660370, at *3 (Bankr. E.D.N.C. Nov. 21, 2014). The Fourth Circuit considers the reason for the delay to be the most important factor for consideration, *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir.1996), while the Supreme Court has emphasized that in determining whether any failure has been excusable, "the proper focus is upon whether the neglect of [movants] *and their counsel* was excusable[,]" *Pioneer*, 507 U.S. at 397 (emphasis in original).

The Movant argues that she relied on her attorneys to represent her in this matter and that she should not suffer as a result of their negligence, but clients must "be held accountable for the acts and omissions of their chosen counsel." *Id.* From December 27, 2009 until the Trustee filed his Objection to the Claim on February 4, 2013, Mr. Moeller had over three years to amend his address with the Court.[3] The Movant has not provided the Court with any justification for this failure. Nor may the Court assess why Mr. Jacobs failed to appropriately supervise the case from afar. Thus, the Movant has not demonstrated that the reason for her attorneys' apparent neglect was or should be considered excusable.[4]

---

[3] Mr. Jacobs did not pass away until after entry of the Order Disallowing Claim.
[4] Although the Court is aware that a failure to act need not be due to circumstances beyond one's control for the failure to be deemed "excusable," s*ee Pioneer*, 507 U.S. at 391, the Court notes that Mr. Moeller's failure appears to have been well within his control.

4

Nor has the Movant adequately demonstrated that the reason for her own neglect is excusable. After Mr. Jacobs died and the Movant became a more active participant in her case, she failed to file any document with the Court until June of 2014, when she attempted to update her address. This action was nearly one year after Mr. Jacobs' death, over a year after entry of the Order Disallowing Claim, and roughly four and a half years after Mr. Moeller left HCWB. In light of the circumstances of the case, the Court finds that the reasons presented for the delay in bringing the Motion, the most important factor for consideration in this matter, weigh against the Movant's request.

Also weighing against the Movant is the fact that the Motion was filed twenty-seven (27) months after entry of the Order Disallowing Claim. At this point in the case, unsecured creditors have already received a six-percent dividend. The Trustee has roughly $60,000 in remaining funds. The Trustee has not reviewed the amended claim, has expressed reservations about the amended claim amount, and is only waiting on resolution of this matter to close the case, which has been pending since 2009. If the Court were to allow reconsideration of the Claim, then the case would still need to remain open to ensure that, as mandated by § 502(j), the Movant receive "payment on account of such claim proportionate in value to that already received by" other holders of claims in the same class, 11 U.S.C. § 502(j). After such a long delay before the filing of the present Motion, the Court does not believe that such an impact on the closing of the case is acceptable.

The only two *Pioneer* factors weighing in the Movant's favor are: (1) that the Debtor would not be prejudiced by the granting of the Motion and (2) that the Movant has acted in good faith.

In reviewing the *Pioneer* factors as a whole, with special consideration of the reason for the delay in this case, the Court cannot find that the equities of the case weigh in favor of the Movant.  *See Pioneer*, 507 U.S. at 395 ("Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").  Thus, the Court concludes that the Movant has not established excusable neglect and has not shown "cause" for reconsideration under § 502(j).  The Motion therefore must be DENIED.

[END OF DOCUMENT]